## THE ITEM CO., LTD., v. HECKER

(April 23, 1928. Opinion and Decree.)
(May 7, 1928. Rehearing Refused.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Newspapers (no paragraph); Obligations—Par. 138, 166.
Where a number of druggists in conjunction with a daily newspaper persuade defendant, the owner of a small country drug store, to join a co-operative movement, styled a "Truth Campaign" contemplating periodical advertising in the newspaper which agrees to distribute promotional data to defendant and others joining the movement, all drug stores to pay the same rate for advertising, and the evidence establishes that defendant was not given the same considerations as the other drug stores there can be no recovery as against defendant by the newspaper suing for its advertising bill.

Appeal from Twenty-fourth Judicial District Court for the Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by The Item Co., Ltd., against Jacob Hecker.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiff, appellant.

Ernest M. Conzelman, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit by the publishers of a newspaper for advertising in connection with what is styled "The Truth Campaign of the New Orleans Retail Druggists."

Defendant entered into a written agreement with plaintiff whereby he agreed to pay $4.00 per week for 52 weeks for the listing of his drug store in the "Truth Campaign." Plaintiff declared its approval of the campaign, agreed to publish certain advertisements at intervals mentioned and to bear all expense relating to "release of copyrights, art-work, ad-writing, circularizing and other promotional data in connection with this campaign, and that copies of all advertisements published will be mailed to each store listed without additional expense."

The campaign had hardly gotten under way before defendant expressed his dissatisfaction with it upon the ground that he

was the subject of discrimination. He was not getting his copies of advertisements promptly and not in the quantity given others. He testified that the Truth Campaign was an advertising campaign and he was induced to participate upon the understanding that he, as the proprietor of a small country drug store would receive the same consideration as the large city drug stores; that he failed to receive such consideration all during the alleged campaign, and notably during "Candy Week" which was introduced by plaintiff in the following words:

"Prepare to do the biggest candy business in the history of your store during the week beginning Sunday, November 25th, 'Candy Week' in the 'Truth Campaign.'

"In order to make this week produce maximum results and on account of the friendship existing between the Jacobs Candy Company and the druggists in the 'Truth Campaign' this concern is offering your customers and the thousands of residents in your vicinity a special free offer for 'Candy Week.'

"Be prepared to make attractive window displays and counter displays. The Jacobs Salesmen will call on you next week to acquaint you with this extraordinary offer. They are making this special offer to increase your business and to increase your profits."

He testified that he prepared to do the great business referred to in the letter and to receive the free samples for distribution and to make attractive display but no samples were delivered, no salesmen called and the beneficient results, which the letter so hopefully proclaimed, so far as he was concerned did not materialize.

Defendant's evidence is not contradicted and serves to convince us that he did not receive the advantages given to others, which appears to have been the moving consideration for his agreeing to this rela-

tively large advertising expense in connection with his relatively small drug store. A drug store so small as to be without "a local habitation or a name" being referred to in the contract and in the correspondence as "next to Marrero Bank, Marrero, La."

It is said that plaintiff did not agree to furnish samples, or send salesmen to defendant for instruction in the art of candy display for "Candy Week" and that there is nothing in the contract to that effect. Conceding this to be the case, plaintiff did and it is so stated in the contract, agree to furnish all "promotional data" in connection with the "Truth Campaign" and in the absence of any information as to what the "Truth Campaign" was beyond the statement in the contract that it was a "co-operative movement," we conclude that defendant did not receive the co-operation he was entitled to expect. The trial judge was of this opinion and we agree with him.

The judgment appealed from is affirmed.